**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald WATCHMAKER, a/k/a "Arab"; Christopher Keating, a/k/a "Louie the Lip"; Eugene Michael Marcaccio, Jr., a/k/a "Mad Mike"; Wilson Tony Harrell, a/k/a "Roadblock", a/k/a "RB"; Roger White, a/k/a "Mighty Mite"; Harry Ruby, a/k/a "Harpo"; Kenneth Hart, Charles Gibson, Scott Seaver, a/k/a "Buzzard"; Edward L. Lackey; Charles E. Graves, a/k/a "Vulcher", a/k/a "Vulture", Defendants-Appellants.**

No. 83–3425.

United States Court of Appeals,
Eleventh Circuit.

July 29, 1985.

David R. Fletcher, Jacksonville, Fla., for Watchmaker.

Bruce J. Greenspan, Jacksonville, Fla., for Keating.

Randall J. Silverberg, Jacksonville, Fla., for Marcaccio.

Robert Stuart Willis, Jacksonville, Fla., for Harrell.

Robert B. Persons, Jr., Jacksonville, Fla., for White.

Ralph J. Humphries, Jacksonville, Fla., for Ruby.

John P. Stone, Jr., Jacksonville, Fla., for Hart.

Hugh Cotney, Jacksonville, Fla., for Gibson.

Brent D. Shore, Jacksonville, Fla., for Seaver.

Jack M. Schemer, Jacksonville, Fla., for Graves.

John E. Steele, Asst. U.S. Atty., Jacksonville, Fla., and Lee Wm. Atkinson, Tampa Office, for U.S.

On Petition for Rehearing and Suggestion for Rehearing En Banc (Opinion May 30, 1985, 11 Cir., 1985, 761 F.2d 1459).

Before KRAVITCH and JOHNSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

The Petitions for Panel Rehearing are DENIED. Appellants claim that statements of the trial judge at an ex parte meeting with one of the jurors constituted reversible error. At this meeting, conducted outside the presence of counsel, the juror complained that she feared reprisal from defendants or their associates if the jury returned a verdict of guilty. *United States v. Watchmaker*, 761 F.2d 1459, 1464 n. 2 (11th Cir.1985). The trial judge told this juror that she should put aside her fear, return to the jury room, and work with the other jurors to try to reach a fair verdict, whatever that verdict might be. *Id.*

Appellants contend that the trial judge's statements were improper under *United States v. United States Gypsum Co.*, 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978). That case involved an ex parte meeting between the jury foreman and trial judge, outside the presence of counsel, at which meeting the jury foreman expressed the opinion that the jury was hopelessly deadlocked and that further deliberation would be pointless. *Id.* at 468, 98 S.Ct. at 2889. The judge told the jury foreman to tell the other jurors "to keep deliberating and see if they can come to a verdict." *Id.* at 469, 98 S.Ct. at 2890. The Supreme Court held that the trial judge, by giving what amounted to a supplemental instruction to the foreman relating to the jury's obligation to return a verdict, which instruction might have conveyed a mistaken impression that counsel had no chance to correct, committed reversible error. *Id.* at 462, 98 S.Ct. at 2886.

Appellants' reliance on *United States Gypsum Co.* in the present case is misplaced. In the present case, the emphasis of the trial judge's remarks to the juror were not that the jury had an obligation to return a verdict but, rather, that the jurors had an obligation to put aside any fear of reprisal while conducting their deliberations. Whereas in *United States v. Gypsum* the trial judge sought to invade the proper province of the jury, *see id.* at 459,

98 S.Ct. at 2884, the trial judge in the present case sought to preserve the integrity of the jury deliberations by insisting that they be free from impermissible considerations.

No member of this panel nor other Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Fed.R.App.P.; Eleventh Circuit Rule 26), the Suggestions for Rehearing En Banc are DENIED.